1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

**SAN FRANCISCO DIVISION**

7

8

MARTHA VALENTINE, et al.,

9

Plaintiffs,

10

v.

11

CROCS, INC.,

12

Defendant.

Case No. 22-cv-07463-TLT  (PHK)

**ORDER ON DISCOVERY LETTER BRIEF NO. 1**

Re: Dkt. No. 45

13

14

**INTRODUCTION**

15

Now before the Court is a joint discovery letter brief regarding three disputes: (1) whether

16

the Court should set a deadline for substantial completion of Defendant's electronically stored

17

information ("ESI") document production and, if so, what deadline should be set; (2) the scope of

18

discovery relating to the products at issue; and (3) Defendant's responses to Plaintiffs' discovery

19

requests for marketing materials.  [Dkt. 45].  The case has been referred to the undersigned for

20

resolution of discovery disputes and all further discovery matters.  *See* Dkt. 46.  This is a putative

21

class action brought by Plaintiffs Martha Valentine, Ruby Cornejo, and Tiffany Avino

22

("Plaintiffs") against Defendant Crocs, Inc. ("Defendant") concerning "shoes that Defendant sells

23

made of 90% or more Croslite® material." [Dkt. 33 at ¶¶ 1-2].  The Court has reviewed the joint

24

discovery letter brief, the materials submitted regarding the disputes, heard oral argument on

25

November 7, 2023, and now issues this Order.

26

In resolving the disputes herein, the Court is mindful of the relevant legal standards.

27

Under the familiar standards of the Federal Rules of Civil Procedure, parties may obtain discovery

28

regarding any "nonprivileged matter" that is "relevant to any party's claim or defense and

United States District Court
Northern District of California

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. The scope of relevant discovery under Rule 26(b) is tied to the claims and defenses asserted in the case, balanced against proportionality. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (stating that after 2015 amendment to Rule 26(b)(1), "the matter sought must be 'relevant to any party's claim or defense,'" and observing that this change "was intended to restrict, not broaden, the scope of discovery").

This case is still at the class certification stage. The class certification discovery cutoff is January 26, 2024. [Dkt. 25 at 2]. Trial courts have broad discretion on whether to permit class certification discovery, and in the Ninth Circuit "[o]ur cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). In the context of class certification discovery, discovery should be limited so that it does not place an undue burden on the opposing party. *See, e.g., Montano v. Chao*, No. 07-cv-00735-CMA-KMT, 2008 WL 5377745, at *3 (D. Colo. Dec. 19, 2008). A court in its sound discretion may permit limited and targeted non-burdensome discovery on class certification, where the proponent demonstrates such discovery is in the interests of justice and consistent with the language and spirit of Fed. R. Civ. P. 23. *See, e.g., Mayo v. Hartford Life Inc.*, 214 F.R.D. 465, 469-70 (S.D. Tex. 2002).

## I.    DEADLINE FOR SUBSTANTIAL COMPLETION OF PRODUCTION OF DEFENDANT'S ESI MATERIALS

Plaintiffs seek a court Order setting November 17, 2023 as the deadline for substantial completion of Defendant's ESI document production. [Dkt. 45 at 1]. Plaintiffs state that they

2

"have been working diligently" to obtain ESI from Defendant since March 2023.  *Id.*  Plaintiffs argue that Defendant "has significantly delayed this process," stressing that "it was not until October 2, 2023 that the parties reached an agreement on the search terms."  *Id.*  Plaintiffs complain that they now face "a bottleneck of case work-up that must be completed in advance of the Court's deadline for class certification discovery on January 24, 2024."  *Id.*  In particular, Plaintiffs express concern about scheduling Rule 30(b)(6) depositions ahead of the class certification deadline, stressing that the depositions will have to occur during or immediately after the upcoming holiday season.  *Id.* at 2.

Defendant opposes Plaintiff's request for a court-ordered substantial completion deadline, arguing that such a deadline is unnecessary and that Plaintiffs' specific proposal of November 17, 2023 is "unreasonable" and "unworkable" due to "the excessive volume of documents being captured by the ESI search terms."  *Id.*  Defendant states that it "anticipates that its production of documents captured by ESI searches can be substantially completed by December 15, 2023."  *Id.*

At the November 7, 2023 hearing, the Parties confirmed with the Court that no ESI production had yet occurred.  However, Defendant indicated it has produced some hundreds of pages of paper documents, which were not part of the ESI process (where the ESI at issue primarily encompasses emails).  Defendant explained that there had been a series of technical issues, which were only recently resolved.  Defendant represents that there are over a dozen attorneys working on production and an outside eDiscovery vendor is handling the technical aspects of the document production.  That eDiscovery vendor identifies itself as a "global leader in eDiscovery management solutions" and states that "We outhustle.  eDiscovery 24/7/365."  *See* https://www.kldiscovery.com/about (last visited on November 20, 2023).  Defendant is also using technology assisted review (TAR) to expedite review and production without the need for each document to be manually reviewed, to which Plaintiff has raised no objection.  Defendant reported that it has used the long-negotiated and now agreed-upon search terms to collect ESI, that deduplicating and dethreading of the electronic documents is completed, and that ESI processing and TAR is underway.  Defendant confirmed that actual ESI production could potentially start on a rolling basis on either November 13, 2023 or November 14, 2023, but raised concerns regarding

United States District Court
Northern District of California

1  Defendant's ability to conduct privilege review and make individualized confidentiality

2  designations under the Protective Order any earlier than December 15, 2023.

3           In light of the provisions ordered herein which are intended to reduce delay in producing

4  ESI and in light of the totality of the circumstances (including time Defendant has had to-date and

5  the resources Defendant has already committed to producing ESI), the Court **ORDERS** Defendant

6  to commence rolling production of its ESI on or before **November 17, 2023**.  The Court sets a

7  deadline of **December 8, 2023** for Defendant's substantial completion of production of its ESI.

8           In order to expedite Defendant's production of ESI and either minimize or obviate the need

9  for delay caused by privilege reviews (and disputes over privilege issues), the Court hereby further

10 **ORDERS** the Parties to employ the following procedures:  If, after production of any ESI, any

11 produced ESI material are subsequently alleged by any Party to be subject to an applicable

12 privilege (or if Plaintiffs reasonably contend that production of any specified ESI materials could

13 constitute a waiver of any applicable privileges), then such produced documents shall be deemed

14 to have been inadvertently produced and should not have been produced in the first instance, and

15 no waiver shall be found.  Accordingly, for any such ESI materials, Defendant shall promptly

16 serve a "Clawback Notice" which shall include: (i) the Bates range of the documents or materials

17 at issue, (ii) a privilege log listing the document(s) or item(s) produced, and (iii) a new copy of the

18 document(s) or material(s) (utilizing the same Bates number as the originally produced

19 document(s) or material(s)) with the privileged or protected material redacted (if the Parties agree

20 that only a portion of the document contains privileged or otherwise protected material).  If

21 Defendant contends that the entire document is privileged or otherwise protected, then Defendant

22 shall provide a slip sheet noting that the entire document is being withheld to replace the clawed

23 back document.

24          Upon receipt of a Clawback Notice, all such documents or other materials or information

25 identified therein, and all copies thereof (including transcriptions, notes, or other documents which

26 extract, memorialize, or copy information from any such clawed back documents), shall be

27 promptly collected by Plaintiffs and their counsel and experts (and those under their control), and

28 those copies shall be promptly sequestered and either (at Plaintiffs' option) returned to Defendant

4

United States District Court
Northern District of California

or destroyed by Plaintiff's counsel, who shall serve promptly thereafter a certificate of destruction signed under oath by counsel for Plaintiffs. No Party shall use such clawed back document, material, or information therein for any purpose, until further Order of the Court. Plaintiffs shall attempt, in good faith, to retrieve, sequester, and either return or destroy all copies of the clawed back documents in electronic format promptly after receiving a Clawback Notice.

Plaintiffs may challenge an assertion of privilege with respect to documents listed on Defendant's privilege log. The Parties shall follow the Court's Standing Order for Discovery and the dispute resolution procedures therein for raising any such challenges with the Court, if the Parties are unable to resolve any such disputes through negotiation. The Parties are encouraged to cooperate reasonably in resolving any such disputes through the meet and confer process.

Additionally, in order to expedite Defendant's production of ESI and either minimize or obviate the need for delay caused by individualized confidentiality designations under the Protective Order, the Court further **ORDERS** that for the ESI produced as part of class certification discovery, Defendant may designate such ESI at the highest level of confidentiality under the Protective Order as a default. After substantial completion of ESI production, Defendant shall take reasonably prompt steps to re-designate ESI at the appropriate level of confidentiality under the Protective Order, and Plaintiffs may bring to Defendant's attention reasonable requests for re-designation of specified documents. The Parties are encouraged to cooperate reasonably on re-designating confidentiality levels of ESI, particularly where the face of a document demonstrates that a particular document deserves either lower confidential designation or no confidential designation at all (such as advertisements and other publicly available documents).

The Parties shall follow the Court's Standing Order for Discovery and the dispute resolution procedures therein for raising disputes over confidentiality re-designations with the Court, if the Parties are unable to resolve any such disputes through negotiation. The Parties are encouraged to cooperate reasonably in resolving any such disputes through the meet and confer process.

//

1    This dispute concerning a deadline for substantial completion of ESI production was

2  prompted by Plaintiffs' concerns regarding time necessary to prepare for and take the depositions

3  of Defendant's witnesses relating to class certification.  Plaintiff reported that the Rule 30(b)(6)

4  notice has been served, and Defendant indicated that approximately five witnesses would be

5  designated to cover the topics in the notice.  The Parties reported that they have already started

6  discussions regarding scheduling those depositions, with at least the possibility of scheduling

7  starting in the second half of December 2023.  In light of the deadline for substantial completion

8  of ESI production and the concerns raised about scheduling, the Court **ORDERS** the Parties to

9  continue to meet and confer and develop a mutually agreeable schedule for completing the

10  depositions by the impending cutoff date.  The Court further **ORDERS** the Parties to file, on or

11  before **December 18, 2023**,  a Joint Status Report on the Parties' plan for completing depositions

12  before the January 24, 2024 deadline for class certification discovery.

13    Plaintiffs raised a concern that the depositions may lead to a need for followup discovery

14  based on information revealed for the first time at one or more of the depositions, and further

15  raised the concern that there could be insufficient time prior to the January 24, 2024 deadline to

16  complete any such potential followup discovery.  In the event any such followup discovery issue

17  should arise, the Court **ORDERS** lead counsel for the Parties to reasonably and promptly meet

18  and confer (in person or by videoconference) regarding such issues.  The Court authorizes the

19  Parties to submit for the Court's review any necessary Stipulation and [Proposed] Order for taking

20  agreed-upon followup discovery after the January 24, 2024 deadline.

21    At the November 7, 2023 hearing, the Court expressed concern that the Parties were unable

22  to resolve disputes that normally should be resolved with reasonable negotiations, such as the

23  timing dispute regarding ESI production, where the Parties' positions on the deadline for

24  substantial completion were only thirty days apart.  Going forward, the Parties and their counsel

25  are admonished to review and comply with the Court's Guidelines for Professional Conduct at

26  Section 9 on Discovery, this Court's Discovery Standing Order, and the Advisory Committee

27  Notes to the 2015 Amendments to Federal Rules of Civil Procedure 1 and 26 ("It is expected that

28  discovery will be effectively managed by the parties in many cases").

United States District Court
Northern District of California

**II.     PRODUCTS SUBJECT TO DISCOVERY**

The Parties' second dispute concerns the scope of discovery regarding the products at issue in this case.  [Dkt. 45 at 3-4].  Specifically, Plaintiffs argue that Defendant "broadly refuses to provide discovery on any shoe other than the specific 2022 models of the Crocs Classic Bae and Classic Clogs that Plaintiffs purchased."  *Id.* at 3.  Plaintiffs argue that because they "have since added allegations supporting the substantial similarity of other Croslite™ shoes that Plaintiffs did not purchase in an Amended Complaint filed on May 26, 2023," Plaintiffs are entitled to discovery of "all shoes made of 90% or more Croslite™" sold during the class period.  *Id.*

Defendant argues that Plaintiffs are attempting to "broaden the scope of discovery beyond the allegations at issue," given that "[a] class has not been certified in this action."  *Id.* at 4.  Defendant contends that Plaintiffs presently "do not have standing to bring suit as to any other shoes" except for those the Plaintiffs each allege to have themselves purchased—"the 2022 models of Crocs Classic Bae and Crocs Classic Clogs."  *Id.*

At the November 7, 2023 hearing, the Parties agreed that, at a minimum, the scope of discovery encompasses not merely the specific models purchased by the named Plaintiffs, but also all other variations on such models where such variations are immaterial to the case (such as differences in shoe size, color, or model year where there were no changes in design from year to year).

Finally, at the hearing, the Parties withdrew this dispute.  The Parties agreed that the ruling on Defendant's pending motion to dismiss the Amended Complaint will either be determinative or substantially impact this discovery issue, and that therefore any further action on this discovery issue should be held in abeyance pending that decision.  *See* Dkt. 34.  Accordingly, the Parties' request for relief with respect to this issue is **DENIED as MOOT**.

**III.    MARKETING MATERIALS AND INTERROGATORY 10**

The Parties' final dispute concerns Plaintiffs' discovery requests for "all responsive marketing materials made during the class period."  [Dkt. 45 at 4-5].  Plaintiffs complain that Defendant will only produce "representative marketing material" relating to "the time frame that

7

corresponded with Plaintiffs' own purchase of Crocs shoes." *Id.* at 4. Plaintiffs argue that "[t]his is insufficient for a number of reasons." *Id.* Plaintiffs argue, in particular, that discovery of marketing materials present in Defendant's retail outlets during the class person is "highly probative," given that "the Amended Complaint seeks to certify two subclasses of direct purchasers from Crocs." *Id.* at 5.

Defendant, in response, argues that it "took on the burden of gathering and producing thousands of pages of representative marketing materials from a multi-month time frame (January 2022—May 2022), which correspond with Plaintiffs' alleged purchase of Crocs shoes—social media, print ads, online ads, and in-store ads." *Id.* Defendant represents that it was in the process of collecting and producing a full year's worth of such marketing materials (from 2022) and further argues that Plaintiffs have failed to show "why more is needed" at this time. *Id.*

At the November 7, 2023 hearing, counsel for the Parties confirmed that their dispute concerning discovery of marketing materials was essentially mooted by the Court's order setting a deadline for substantial completion of Defendant's production of ESI discovery. The dispute as to production of further marketing materials was thus withdrawn. However, the Court **ORDERS** Defendant to complete promptly the production of the year's worth of its marketing materials which Defendant committed to produce.

Plaintiffs raised an issue related to the marketing materials, specifically the Defendant's alleged deficient response to Interrogatory No. 10. Interrogatory No. 10 asks Defendant to identify, in part, the location (*i.e.*, in a retail store or online) where marketing material was present during the class period and the dates on which the marketing material was present. [Dkt. 45-1 at 1]. Plaintiffs argue that, as part of the class certification dispute, Plaintiffs seek this information to establish an evidentiary basis for arguing that potential class members were exposed to Defendant's advertisements when entering Defendant's retail stores, where, according to Plaintiffs, such exposed advertisements form one basis for Plaintiffs' express warranty claims. Plaintiff argues, and Defendant admitted at the hearing, that the mere production of marketing materials will not provide the information sought with regard to marketing materials at the retail outlets, since it is unlikely that the face of such documents would expressly state the dates such

materials were publicly displayed at the retail outlets.  The interrogatory therefore seeks relevant information which is not duplicative of the document requests.

However, relevance alone is insufficient to resolve this issue – discovery must also be proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Defendant estimated at the November 7, 2023 hearing that there are approximately 1,000 retail stores at issue.  Plaintiffs admitted at the hearing that requiring Defendant to provide an interrogatory response for every single retail outlet was not proportional to the needs of the case.  On the other hand, at the hearing Defendant was unwilling to concede that consumers were exposed to Defendant's marketing materials or advertisements even where produced documents show they were sent out to retail stores from Defendant's headquarters, because (according to Defendant) each retail store manager could make individualized decisions on what marketing materials to display at a particular store. Defendant conceded at the hearing that some information on some number of stores would be proportional to the needs of the case.

As a result, at the hearing the Parties agreed to withdraw the dispute as to Interrogatory No. 10 to give them more time to meet and confer on the issue.  As discussed at the hearing, the Court **ORDERS** the Parties to file, on or before **Monday, November 13, 2023 at noon**, a Joint Status Report regarding their resolution of the dispute on a supplemental response to Plaintiffs' Interrogatory No. 10.

## CONCLUSION

The three disputes raised by the joint discovery letter [Dkt. 45] are resolved as either ordered herein or withdrawn as discussed herein.

**IT IS SO ORDERED.**

Dated: November 10, 2023

PETER H. KANG
United States Magistrate Judge

9