UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA VALENTINE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CROCS, INC.,<br><br>    Defendant. | Case No. 22-cv-07463-TLT<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>ECF 34 |

**INTRODUCTION**

On the second motion to dismiss, the four causes of action and the class allegations survive.

The allegations surround advertisements and purchases of footwear made of 90% Croslite®. Crocs moved to dismiss allegations of (1) Fraudulent Concealment, (2) Fraud/Deceit/Misrepresentation, (3) Violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, (4) False Advertising under Cal. Bus. & Profs. Code § 17500, *et seq.*, (5) Negligent Misrepresentation; and to strike (6) Class Allegations.

The Court **DENIES** the Motion to Dismiss the First Amended Complaint and Motion to Strike Class Allegations.

**FACTS**

Martha Valentine, Ruby Cornejo, and Tiffany Avino ("Plaintiffs") were exposed to Crocs' advertisements depicting Crocs® footwear in certain environmental conditions, specifically, in hot, wet, and sunny environments. Am. Compl. ¶¶ 82, 90, 101. After viewing the advertisements,

Plaintiffs purchased Crocs shoes,[1] all within the period of early-Spring 2022 until Summer 2022. Am. Compl. ¶¶ 77, 85, 96. The pleadings allege that the shoes shrunk after wear in similar conditions and settings as those portrayed in the advertisements. Am. Compl. ¶¶ 77, 86, 97.

**PROCEDURAL HISTORY**

The action commenced on November 23, 2022. ECF 1. Relief was sought for (1) Breach of Express Warranty; (2) Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314; (3) Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; (4) Fraudulent Concealment; (5) Fraud/Deceit/Misrepresentation; (6) Violation of the Consumers Legal Remedy Act, Cal. Civ. Code § 1750, et seq.; (7) False Advertising, Cal. Bus. and Profs. Code § 17500, et seq.; (8) Negligent Misrepresentation; and (9) Unfair, Unlawful, and Deceptive Trade Practices, Bus. and Profs. Code § 17200 et seq. Here, Defendant move to submit causes of action (4)–(8).

On April 28, 2023, a Motion to Dismiss and Strike Class Allegations was granted-in-part and denied-in-part. ECF 30. The Court denied the Motion to Dismiss related to (1) Breach of Express Warranty (advertisement), (2) Breach of Implied Warranty of Merchantability, and (3) Violation of the Magnuson Moss Warranty Act, but granted dismissal of (1) Song-Beverly Consumer Warranty Act without leave to amend; and (1) Breach of Express Warranty (limited warranty), (2) Implied Warranty of Fitness for a Particular Purpose, (3) Fraudulent Concealment, (4) Fraud/Deceit/Misrepresentation, (5) Violation of the California Consumer Legal Remedies Act, (6) Violation of the California False Advertising Law, (7) Negligent Misrepresentation, and (8) Violation of California's Unfair Competition Law, with leave to amend. ECF 30, at 14. Moreover, the Order granted the Motion to Strike claims as to products that class members did not purchase and denied the Motion to Strike class allegations in their entirety. *Id.*

---

[1] For purposes of this order, the Court uses the term "shoes" to characterize the footwear purchased by Plaintiffs while remaining cognizant that the footwear may be more precisely characterized as "clogs" or another stylistic variation of footwear made of 90% or more Croslite.

The First Amended Complaint was filed on May 26, 2023. ECF 33. The present Motion to Dismiss Claims 4–8 and to Strike Class Allegations was filed on June 9, 2023. ECF 34.

**STANDARD OF REVIEW**

**I.     Rule 12(b)(6) – Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Review is limited to the contents of the complaint. *Allarcom Pay Television v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).

All allegations of material fact are taken as true. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558–59.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. 679.

**II.     Rule 9(b) – Heightened Pleading Standard**

Rule 9(b) states that "[i]n alleging fraud . . ., a party must state *with particularity* the circumstances constituting fraud . . .." Fed. R. Civ. P. 9(b). A plaintiff must describe the "who, what, when, where, and how" of the charged misconduct so that a defendant can be put on reasonable notice to defend against the charge instead of denying its conduct broadly. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). In advertising, plaintiffs must (1)

3

specifically identify the advertisements that were allegedly relied on, (2) when they were exposed to the advertisements, and (3) explain how they were false or misleading. *Young v. Cree*, No. 17-cv-06252-YGR, 2018 WL 170181, at *6 (N.D. Cal. 2018). The heightened pleading standard of Rule 9(b) also applies to state-law causes of action, including to the elements of a negligent misrepresentation claim. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Nielson v. Union Bank of Cal.*, 290 F.Supp.2d 1101, 1141 (9th Cir. 2003).

### III.     Rule 12(f) – Motion to Strike Class Allegations for Lack of Class Standing

Under Rule 12(f), a party may move to strike "redundant, immaterial, impertinent, or scandalous" matter. Fed. R. Civ. P. 12(f). If a matter that a party seeks to strike has no impact on the subject matter at issue, a Court may strike that information out of consideration for the judicial economy. *See Whittlestone v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010); *Fogerty v. Fantasy*, 984 F.2d 1524 (9th Cir. 1993). However, if there is any doubt that the matter may impact the outcome of the litigation, the Court must deny the Motion to Strike. *Platte Anchor Bolt v. IHI*, 352 F.Supp.2d 1048 (N.D. Cal. 2004). The allegations must be viewed in a light most favorable to the nonmoving party. *Id.* at 1057.

**DISCUSSION**

### I.     The Fraud-Based Claims Pass Muster Under Rule 9(b)

The initial complaint fell short of sufficiently pleading "what" advertisements were seen and "when," required to demonstrate particularity under Rule 9(b). Fed. R. Civ. P. 9(b); ECF 30, at 11. The amendments to the complaint cured those deficiencies.

The pleadings must describe "who, what, when, where, and how" to satisfy Rule 9(b). *Kearns* 567 F.3d at 1124. However, the Ninth Circuit "does not require *absolute* particularity or a recital of the evidence." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016); *see In re Vizio Consumer Priv. Litig.*, 238 F.Supp.3d 1204, 1229 (C.D. Cal. 2017)

4

(specifying precise date of advertisement exposure unnecessary in the context of a fraudulent omission-based claim).

The Court finds that the pleadings allege with the requisite particularity "what" advertisements were seen by Plaintiffs to put Defendants on reasonable notice of "what" advertisements were seen and relied on. *See Kearns*, 567 F.3d at 1124 ("Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendant's notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.").

The pleadings identify specific advertisements viewed by Plaintiffs. For example, Valentine saw an ad of "a pool shaped as a Crocs shoe" prior to purchase in Spring 2022. Am. Compl. ¶ 81. An advertisement indeed fitting this description is pictured in the complaint. Am. Compl. ¶ 49. Cornejo, on the other hand, viewed a Crocs webpage "https://www.crocs.com/stories/best-shoes-for-gardening.html," explaining "[w]hy Crocs make the best gardening shoes" prior to purchase around March 2022. Am. Compl. ¶ 38. And Avino visited the Crocs "Classic Clogs" webpage describing the shoes as "water friendly" before purchase in Summer 2022. Am. Compl. ¶ 96. Avino was also exposed to several in-store advertisements of Crocs shoes "on beaches and around water." Am. Compl. ¶ 100. The pleadings show in-store advertisements that meet Avino's description. Am. Compl. ¶¶ 51–52. On a motion to dismiss, all inferences are construed in favor of the nonmoving party. There is a plausible inference that the images plead, in-store between 2021 and 2022, are the same advertisements that Avino viewed prior to purchase in Summer 2022. Am. Compl. ¶¶ 52, 96.

The pleadings identify the advertisements with the requisite particularity under Rule 9(b). Fed. R. Civ. P. 9(b). The pleadings both describe with particularity and show images of advertisements seen by Plaintiffs. Cornejo, for example, plead a specific webpage address and described the characteristics of the advertisements on that address. *See Mosher-Clark v. Gravity*

*Defyer Med. Tech. Corp.*, 2023 WL 5836976, at *3 (N.D. Cal. 2023) (consulting defendant's website, specifying which aspects of the representations that were relied on, and including screenshots of the website that included the misrepresentations satisfy Rule 9(b) at the pleading stage). The "what" element is sufficiently plead.

The Court also finds that the "when" element is plead with the requisite particularity. The "when" analysis partially relies on the Court's finding that the "what" element of the fraud-based claims was sufficiently plead. A plausible inference of "when" could not be had if the advertisements were not plead with enough particularity. But the four corners of the Complaint allege that Plaintiffs were exposed to specified advertisements prior to their purchases in early-Spring 2022 until Summer 2022. Because the advertisements were specified with particularity, and the Complaint alleges a sufficient period when the advertisements were viewed, the Defendants are put on reasonable notice to defend against the alleged misconduct.

The allegations do not provide the exact date and time of advertisement exposure. However, such level of exactness is not required. *See United Healthcare Ins.*, 848 F.3d at 1180. But the allegations are sufficiently particular to put the Defendant on reasonable notice of the alleged misconduct. *See Kearns*, 567 F.3d at 1124 (explaining that Rule 9(b) requires the alleged fraud to be "specific enough" to put Defendant on notice of the misconduct).

Valentine, for example, purchased Crocs in Spring 2022, "after reviewing Defendant's marketing materials." Am. Compl. ¶¶ 77, 82. Cornejo visited the webpage "prior to her purchase" around "March of 2022." Am. Compl. ¶¶ 85, 90. And Avino "purchased the Crocs after she reviewed Defendant's marketing materials" in "Summer 2022." Am. Compl. ¶¶ 96, 101.

Without specifying "when" advertisements were viewed, or simply stating exposure "prior to" purchase without listing the time of purchase would likely fall short of the heightened pleading standard. But here, alleging purchases were made in early-Spring to Summer 2022, specific

advertisements were seen "prior to" the purchase dates, and describing "what" advertisements were relied on provides Defendant sufficient notice to defend against the alleged misconduct.

In sum, the Court finds that pleadings pass muster under Rule 9(b)'s heightened pleading standard.

### A. The Pleadings Allege Actual Reliance

The Court finds that actual reliance is adequately plead. "Plaintiffs alleging claims under the False Advertising Law and Unfair Competition Law are required to plead and prove actual reliance on the misrepresentations or omissions at issue." *Great Pac. Sec. v. Barclays Cap.*, 743 Fed.App'x 780, 783 (9th Cir. 2018). The pleadings must show the misrepresentation or omission was the "but for" cause of the injury-producing conduct, *i.e.*, the purchasing decision. *Williams v. Apple*, 449 F.Supp.3d 892, 913 (N.D. Cal. 2020). The misrepresentation or omission need not be the "sole" or "predominant" factor of plaintiff's decision, but it must have been "substantial." *Id.*

On the first Order, granting-in-part the motion to dismiss, the Court ruled the pleadings fell short of demonstrating actual reliance because they did not allege "what" advertisements were seen with enough specificity. ECF 30, at 12. As the amendments ameliorated those deficiencies, the Court finds that actual reliance has been plead.

The pleadings allege that Plaintiffs viewed and relied on specific in-store and online advertisements prior to deciding to purchase the shoes. They interpreted the advertisements to represent the environmental conditions the shoes could be worn in, *i.e.*, hot, wet, and sunny weather conditions. Am. Compl. ¶¶ 83, 92, 102. Plaintiffs would not have purchased the items had they believed the shoes were "unfit" for the environmental conditions depicted in the advertisements. *Id.*

The Court finds the pleadings allege that had Plaintiffs been cautioned that the shoes were ill-suited for the environments shown, that they would not have purchased them, *i.e.*, the

advertisements were the "but-for" cause of injury-producing conduct. *See Williams*, 449 F.Supp.3d at 913. Considering this holding, the Court need not address whether the Plaintiffs were exposed to a "pervasive" advertising scheme similar to those in the litigation in *In re Tobacco II Cases*, 207 P.3d 20 (Cal. 2009).

## II. The Negligent Misrepresentation Claim is Not Barred by the Economic Loss Doctrine

The Court finds that the negligent misrepresentation claim is not barred by the economic loss doctrine. "California law classifies negligent misrepresentation as a species of fraud for which the economic loss doctrine is recoverable." *Kalitta Air v. Century Tex. Airborne Sys.*, 315 Fed.App'x 603, 607 (9th Cir. 2008). The Court bases its' decision on the Ninth Circuit standard. *See DiGiacanto v. RB Health US*, 668 F.Supp.3d 950 (N.D. Cal. 2023) (holding the same and citing other Northern District of California cases also finding the same).

## III. Plaintiffs Have Standing to Bring a Class Action

The Court also finds that the Plaintiffs have standing to bring a class action, and thus denies the motion to strike class allegations. A party may move to strike "redundant, immaterial, impertinent, or scandalous" matter. Fed. R. Civ. P. 12(f). California district courts adopt the "substantial similarity" test to determine if a Plaintiff has standing for unnamed class members. *Figy v. Frito-Lay*, 67 F.Supp.3d 1075, 1083 (N.D. Cal. 2014) (citing cases). Courts consider "whether the challenged products are of the same kind, composed of the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Id.*

In the Order on the first motion to dismiss, we found the pleadings fell short of alleging "substantial similarity" between Plaintiffs' products and those of unnamed class members. Specifically, failing to state the shoes were composed of "similar amounts" of the same material

and in "similar configurations." ECF 30, at 13. But the amendment that the class products are all composed of 90% or more of Croslite material ameliorates the prior deficiency.

The common injury alleged is that the shoes, made of Croslite, shrink when exposed to environmental conditions depicted in advertisements such that the footwear no longer fits the original suitor. The Court finds any difference in "configuration" of the footwear, whether a sandal or a mukluk, to be a neutral consideration as it relates to the common injury that emphasizes a single shared ingredient, Croslite. The pleadings allege that the footwear is "substantially similar" because they are composed of 90% or more of Croslite material.  Am. Compl. ¶¶ 2, 22, 63. Whether the Plaintiff's allegation that the footwear they purchased is in fact 90% or more Croslite is not to be decided at the pleading stage, where allegations are assumed to be true, and inferences drawn in a light most favorable to the Plaintiff.  Therefore, the Court denies the Motion to Strike Class Allegations.

**CONCLUSION**

Based on the rulings set forth herein, the Motion to Dismiss and to Strike Class Allegations is **DENIED**.

**IT IS SO ORDERED.**

This Order resolves ECF 34.

Dated: April 5, 2024

TRINA L. THOMPSON
United States District Judge