**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Anthony J. Patek (State Bar No. 228964)
  anthony@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
  kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**KELLEY DRYE & WARREN LLP**
Becca Wahlquist (State Bar No. 215948)
  BWahlquist@kelleydrye.com
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901

*Attorneys for Defendant Crocs, Inc.*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA VALENTINE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CROCS, INC.,<br><br>　　　　　Defendant. | Case No. 3:22-cv-07463-TLT-PHK<br><br>**SIXTH JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　　February 13, 2025<br>Time:　　　2:00 p.m.<br>Location:　Videoconference<br><br>Hon. Trina L. Thompson |

　　　　Plaintiff Ruby Cornejo ("Plaintiff") and Defendant Crocs, Inc. ("Defendant" or "Crocs") (collectively, the "Parties") submit this Sixth Joint Case Management Statement pursuant to this Court's December 4, 2024 Order. (ECF 166.)

　　**I.**　　**Jurisdiction**

　　　　On October 16, 2024, the Court denied Plaintiffs' motion for class certification. (ECF 150.) Different plaintiffs later filed a separate case alleging nearly identical claims in *Mongalo, et al. v. Crocs, Inc.*, No. 3:24-cv-09037. The Court entered an Order relating *Mongalo* to this

matter. In its the Order, the Court stated: "Because the Court denied motion for class certification, the *Mongalo* plaintiffs will proceed with Plaintiff Ruby Cornejo on an individual basis rather than a class basis. Upon the stay lifting, the Court will reassess whether it retains subject matter jurisdiction." (ECF 169).

II.     **Current Schedule**

The Court also previously entered a stay in light of the Rule 23(f) petition that Plaintiffs filed seeking interlocutory review of the denial of class certification. (ECF 166). The stay lifted effective February 3, 2025.  The following deadlines remain:

Opening Expert Reports: **February 10, 2025**

Rebuttal Reports: **March 3, 2025**

Close of Expert Discovery: **March 10, 2025**

Dispositive Motions: **March 17, 2025**

Oppositions to Dispositive Motions: **April 14, 2025**

Reply for Dispositive Motions: **May 1, 2025**

Last Day to be Heard on Dispositive Motions: **May 13, 2025**

Joint Pretrial Statement: **June 12, 2025**

Final Pretrial Conference: **June 26, 2025**

Trial (Jury, 15 days): **July 21, 2025**

**Plaintiff's Position**:

The Court's Order raises several issues that create uncertainties in this case that warrant resolution before the parties proceed. Pending resolution of these issues, a further stay may be warranted to ensure that the parties and the Court avoid unnecessary expenditures of time and resources on this case.

Subject Matter Jurisdiction: The Court's Order states that the Court "will reassess whether it retains subject matter jurisdiction" once the stay is lifted. (ECF 169). While Plaintiffs maintain that this Court retains subject matter jurisdiction over this case in spite of the denial of class certification, *see United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010),

given the Court's concerns and the potentially dispositive nature of the issue, the Court should resolve this issue before *Cornejo* proceeds. Under the current schedule, the parties are set to spend significant time and effort delving into expert discovery and summary judgment briefing. In the event the Court finds that it lacks subject matter jurisdiction, it would obviate the need for this work. Plaintiff accordingly requests that the Court stay the existing deadlines, the parties set a briefing schedule at the Case Management Conference, and the remaining case deadlines be revisited after the issue of subject matter jurisdiction is resolved.

The Parties At-Issue: There is also uncertainty as to the parties at issue in this case. The Order provides that "the *Mongalo* plaintiffs will proceed with Plaintiff Ruby Cornejo on an individual basis rather than a class basis." The Court's Order seemingly suggests that the *Mongalo* plaintiffs could be consolidated with *Cornejo* and that the *Mongalo* plaintiffs may not be able to move for class certification.

To the extent the Court is considering consolidation of *Mongalo* with *Cornejo* or otherwise finding that the *Mongalo* plaintiffs cannot move for class certification, the issues should be briefed and resolved before *Cornejo* proceeds on the merits. *See Smith v. Bayer Corp.*, 564 U.S. 299, 131 S. Ct. 2368, 2380 (2011) ("neither a proposed class action nor a rejected class action may bind nonparties.") Although *Smith* demonstrates that *Mongalo* should not be consolidated with *Cornejo*, in the event the Court were to consolidate the two cases, it would necessitate additional case management. The parties would benefit from the Court's guidance on this issue.

Finally, there remains uncertainty as to Plaintiff Avino. The Court dismissed Plaintiff Avino's claims due to a lack of standing in its Order Denying Class Certification. The Court's Order also indicates that the Court believes that Plaintiff Avino is no longer in the case. The Court, however, has not entered judgment as to Plaintiff Avino yet. If Avino's claims have been dismissed, the Court should enter judgment against her.

**Defendant's Position:**

Crocs looks forward to discussing the Court's Order at the status conference. Defendant

believes that the current schedule for summary judgment and trial for Ms. Cornejo's claims is in place. Crocs agrees that Ms. Avino's claims were dismissed from federal court for lack of Article III standing and requests that the Court formally dismiss Ms. Avino's claims on that basis.

By the time of the status conference, Crocs will have responded to the *Mongalo* plaintiffs' Complaint in that related matter. Because the Court has already indicated that the *Mongalo* plaintiffs may not proceed with classwide claims, and because the *Mongalo* Complaint's classwide allegations are improper for a number of other reasons, Crocs will have moved by the time of the status conference to strike those class allegations from the Complaint. Crocs is also moving to dismiss the *Mongalo* Plaintiffs' claims.

If the Court wishes to consolidate the cases and consider summary judgment for Cornejo and for the *Mongalo* Plaintiffs at the same time, Crocs is open to staying the Cornejo summary judgment briefing while individual discovery into the *Mongalo* Plaintiffs (their depositions, shoe inspections, and written discovery) can take place. Should the Court wish to keep the Cornejo schedule as is it currently set, Crocs is prepared to move for summary judgment on Ms. Cornejo's claim. After the Motion to Dismiss/Motion to Strike is resolved in the *Mongalo* matter, individual discovery can proceed on those Plaintiffs' claims.

As to the Court's question regarding lack of subject matter jurisdiction, Crocs believes that Ms. Avino's claims should be dismissed due to this Court's finding that she lacks Article III jurisdiction. Ms. Cornejo's individual claims, however, should not be dismissed for lack of subject matter jurisdiction as Ms. Cornejo retains her right to appeal the class certification order to the Ninth Circuit at the end of the proceedings in this Court.

**III.     Related Cases**

As discussed above, on January 17, 2025, the Court entered an Order relating another case to this matter. That case is *Mongalo, et al. v. Crocs, Inc.*, No. 3:24-cv-09037-TLT. The Court has not set a Case Management Conference for *Mongalo* yet.

**Conclusion**

The parties look forward to discussing the above with the Court at the February 13, 2025

case management conference.

Dated: February 6, 2025

| **GUTRIDE SAFIER LLP** | **KELLEY DRYE & WARREN LLP** |
|---|---|
| */s/Kali Backer* | */s/Becca Wahlquist* |
| Seth A. Safier (State Bar No. 197427) | Becca Wahlquist (State Bar No. 215948) |
| seth@gutridesafier.com | BWahlquist@kelleydrye.Com |
| Marie A. McCrary (State Bar No. 262670) | 350 South Grand Avenue, Suite 3800 |
| marie@gutridesafier.com | Los Angeles, CA 90071 |
| Anthony J. Patek (State Bar No. 228964) | Telephone: (213) 547-4900 |
| anthony@gutridesafier.com | Facsimile: (213) 547-4901 |
| Kali R. Backer (State Bar No. 342492) | |
| kali@gutridesafier.com | *Attorney for Defendant* |
| 100 Pine Street, Suite 1250 | *Crocs, Inc.* |
| San Francisco, CA 94111 | |
| Telephone: (415) 639-9090 | |
| Facsimile: (415) 449-6469 | |

Patrick J. Branson (*pro hac vice*)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: February 6, 2025

**GUTRIDE SAFIER LLP**

*/s/Kali Backer*
Kali Backer
*Attorneys for Plaintiffs*